IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT MORRIS,**

        **Petitioner,**

v.                               **CIVIL ACTION NO. 2:14cv44**
                                        **(Judge Bailey)**

**CITY OF WHEELING, WV,**

        **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2241

### I. Introduction

On June 12, 2014, Robert Morris [hereinafter referred to as "petitioner"], a state pre-trial detainee, filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. §2254. In addition, he filed an application to proceed *in forma pauperis.* Said application was granted the same day. Accordingly, this matter is pending before the undersigned for initial review pursuant to LR PL 2.

### II. Factual Background

The petitioner is currently incarcerated in the Northern Regional Jail awaiting trial in Ohio County, West Virginia on one count of sexual abuse by a parent and one count of sexual abuse in the first degree. Bail has been set at $1,000,000 and trial is scheduled for August 19, 2014. The petitioner is represented by the public defender.[1]

### III. Petitioner's Claims

---

[1] Although the petitioner provided little information in his pleading, the pro se law clerk assigned to this matter contacted the Ohio County Circuit Clerk to obtain docket information.

The petitioner alleges that he was arrested by Sgt. McMahon, a West Virginia State Police Officer, without a warrant. The petitioner further alleges that Sgt. McMahon picked up the warrant from the Wheeling City Police on the way to the state police barracks. The petitioner further alleges that he was read his Miranda rights on the way to the state police barracks. The petitioner also alleges that Sgt. McMahon, in a taped interview, "asked only questions, in an accusatory manner, about an ongoing investigation into a sex case." (Doc. No. 1, p. 21). The petitioner also alleges that after the tape recorder was turned off, Sgt. McMahon continued to berate and badger him about the sex case but never once asked about the capias that was issued for failure to pay fines and court costs regarding a public intoxication case.[2] The petitioner further alleges that Sgt. McMahon then transferred him to the Northern Regional Jail pursuant to the capias. The petitioner maintains that the capias had no state seal, no stamped or written time when it was executed, had no case number written on it except "2013," and had no place of execution of the warrant. Apparently, the petitioner was released after seven days with respect to the capias. However, the petitioner acknowledges that he is currently incarcerated at the NRJ on the sex case. He would "like relief for time spent on capias...the stuff stemming from the capias thrown out... and all statements suppressed and the polygraph thrown out." (Doc. 1, pp. 24-25).

## IV. Analysis

As a preliminary matter, the undersigned concludes that this petition is not cognizable under section 2254 and must instead be construed as a petition for section 2241 relief. A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). However a pretrial detainee is not "in custody" pursuant to

---

[2]Although it is not clear, the petitioner may be asserting that Sgt. McMahon came looking for him because of this capias.

a state court judgment so section 2254 relief is unavailable. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Dickerson, 816 F.2d at 224; see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004)(section 2241 applies to individuals who a state places in pretrial detention).

Because the petitioner is a pretrial detainee, he is not in custody pursuant to a state court judgment and section 2254 does not apply. Accordingly, the undersigned construes this petition under section 2241. However, petitioner is not entitled to relief under section 2241 because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal review. Exhaustion is a statutory requirement in the case of section 2254, and a common-law requirement in the case of section 2241. Braden v. 30th Jud. Cir., 410 U.S. 484, 488-89 (1973).To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim. Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Here, the petitioner has not sought relief from the Circuit Court of Ohio Moreover, the Clerk of the West Supreme Court has no record that the petitioner has initiated any proceeding be it a writ of mandamus, writ of prohibition, or writ of habeas corpus. Therefore, it is clear that the

3

petitioner has not exhausted his state court remedies, and therefore, cannot proceed with a habeas petition before this Court.

**VI. Recommendation**

Based on the foregoing, it is recommended that the this matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, and to any counsel of record by electronic means.

Dated: June 13, 2014

*John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**